## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **LARRY SPEEGLE AND** | § | |
| **TRISHA SPEEGLE** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **SPECTRASITE NETWORK SERVICES,** | § | **CIVIL ACTION NO. 2-03₲ ₩-0 9 6** |
| **INC. F/K/A SPECTRASITE** | § | |
| **CONSTRUCTION, A WHOLLY** | § | |
| **OWNED SUBSIDARY OF,** | § | |
| **SPECTRASITE COMMUNICATIONS,** | § | |
| **INC. AND WESTOWER** | § | |
| **COMMUNICATIONS, INC.** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Larry Speegle and Trisha Speegle, Plaintiffs and file the following Original

Complaint, complaining of Defendants, and for cause of action would show the following:

### I.
### PARTIES

    1.01.   Plaintiffs, Larry Speegle and Trisha Speegle are residents of Cooke County, Texas.

    1.02.   Defendant, Spectrasite Network Services, Inc. f/k/a Spectrasite Construction, a

Wholly Owned Subsidiary of Spectrasite Communications, Inc. is a Delaware corporation, with its

principal place of business in North Carolina, that is authorized to do business in the state of Texas.

At all relevant times, this defendant was in the business of designing, constructing and servicing

wireless telephone towers.  Said Defendant may be served with process by serving its registered

agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

    1.03.   Defendant, Westower Communications, Inc. is a Delaware corporation, with its

principal place of business in the Oregon, that is authorized to do business in the state of Texas. At all relevant times, this defendant was in the business of designing, constructing and servicing wireless telephone towers. Said Defendant may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## II.
## JURISDICTION

2.01.    The Court has jurisdiction of this case under 28 U.S.C. §1332 since there is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper under 28 U.S.C. §1391 (a) and (d).

## III.
## FACTUAL BACKGROUND

3.01.    On Friday, June 15, 2002, at approximately 1:30 in the afternoon, a construction truck owned and operated by defendants left the construction site where defendants were in the process of building a wireless telephone tower. The tower is located next to interstate highway 35 in Gainesville, Cooke County, Texas. The truck approached the access road to interstate highway 35 by way of Carnes Street. The truck was operated by Santiago Guzman an employee or agent of defendants and he was operating the truck within the scope of his employment and/or agency. Mr. Guzman left the construction site and approached the service road by way of Carnes Street which had a stop sign requiring Mr. Guzman to stop to traffic on the service road. At that same time, Plaintiff, Larry Speegle left his family's business to go to a car wash to wash his new 2001 Boss Hogg Motorcycle. At approximately 100 yards from the family business and at the corner of Carnes Street and the service road to Interstate Highway 35, Mr. Guzman failed to stop at the stop sign and pulled

out in front of Mr. Speegle to make a left hand turn. In seeing Mr. Speegle, Mr. Guzman immediately hit his brakes stopping in the middle of the intersection.

3.02.   Mr. Speegle attempted to avoid the collision, but hit the rear quarter panel of the truck. Mr. Speegle rebounded towards the curb hitting it twice and skidded to a rest over a hundred feet from the point of impact.

3.03.   Mrs. Speegle came upon the accident immediately after it happened and found her husband.

## IV.
## LIABILITY THEORIES

4.01.   **Negligence and Negligence per se.** Plaintiffs would show that the Defendants, by and through their employee and/or agent were negligent and negligent per se in the following respects:

a.      failing to stop before entering the intersection [TDH chapter 8, 9; TEX. TRANSP. CODE ANN. §§544.004, 544.007, 544.008];

b.      failing to obey traffic sign regulating the movement of traffic [TDH chapter 5, 9; TEX. TRANSP. CODE ANN. §§544.004, 544.007, 544.009, 545.055, 552.001];

c.      failing to keep a proper lookout [TDH chapter 13; TEX. TRANSP. CODE ANN. §§545.206,545.417];

d.      failing to keep vehicle under control [TDH chapter 9; TEX. TRANSP. CODE ANN. §§545.060 (a), 545.206, 545.417];

e.      failing to yield the right of way [TDH chapter 4, 9; TEX. TRANSP. CODE ANN. §§ 541.401, 544.003, 544.004 545.051(a)(2), (545.061, 545.151-545.155, 545.256]; and

f.      stopping in the middle of the intersection.

4.02.   **Negligent Entrustment.** Defendants were negligent in entrusting their truck to Mr.

Guzman. Defendants entrusted their truck to Mr. Guzman who was an unlicensed, incompetent, or reckless driver, when Defendants should have known Mr. Guzman was unlicensed, incompetent, or reckless. Further, Mr. Guzman was negligent and this negligence proximately caused the accident.

4.03.   **Failure to Properly Train and/or Properly Supervise.**   Defendants also are negligent in their failure to properly train and/or properly supervise Mr. Guzman and such failure proximately caused the accident in question.

4.04.   **Gross Negligence.**   Plaintiffs further allege that defendants were grossly negligent.

### V.
### DAMAGES FOR LARRY SPEEGLE

5.01.   **Medical Expenses.** As a result of defendants negligence, negligent entrustment, and as a result of the negligence of the employee and/or agent of the defendants, Mr. Speegle has in the past and will, in all reasonable probability, continue to incur necessary medical expenses into the future. After the accident on June 15, 2001, Mr. Speegle was care flighted to Harris Hospital due to the severe injuries he suffered as a result of Defendants' actions. In the year and ten months that have passed since the time of the accident, Mr. Speegle has had to face the most brutal and horrific recovery imaginable. Each time Mr. Speegle has thought that he may finally be recovering from this accident he has suffered set back after set back all brought about by Defendants' actions. On June 15, 2001, Mr. Speegle suffered open abrasions to his upper chest, his left wrist, a road rash on his left shoulder and back and various abrasions to his extremities, open wounds to his parietal cranium, comminuted fractures of his left tibia and fibula, and a laceration to his chin. On June 19, 2001, a left above knee amputation was performed. The end of the leg was left open for drainage and further treatment before closure (performed approximately two months later). After a very difficult hospital

course, Mr. Speegle was discharged home with his stump still not closed with home care instructions for wound care. Approximately two months later, on August 13, 2001, Mr. Speegle was admitted for a skin graft to close the wound site. Mr. Speegle has had multiple revisions to his stump in the time since the date of the accident. He has undergone multiple revisions to his stump and will continue to need various medical and psychological treatment in all probability in the future.

5.02.   **Physical Pain and Mental Anguish.** Mr. Speegle has suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime.

5.03.   **Physical Impairment.** Plaintiff has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

5.04.   **Disfigurement**. Plaintiff has suffered disfigurement in the past and in all reasonable probability will suffer disfigurement in the future.

5.05.   **Loss of Body Member, Body Capacity and Mental and Intellectual Function.** Mr. Speegle has suffered the loss of his left leg, has suffered some hearing loss and has suffered from seizures in the past as a result of the accident and will continue to suffer from these losses into the future.

5.06.   **Loss of Earning Capacity.** At this time, Plaintiff is not seeking recovery for loss of earning capacity.

5.07.   **Exemplary Damages.** By reason of the facts herein above alleged, Mr. Speegle alleges he is entitled to exemplary damages.

5.08.   The forgoing acts and omissions of the Defendants were the proximate cause of Mr. Speegle's injuries and the resulting damages.

**VI.**

## DAMAGES FOR TRISHA SPEEGLE

6.01.   **Mental Anguish.**  Mrs. Speegle has suffered mental anguish in the past and will continue to suffer mental anguish in the future as a result of Defendant's actions.

6.02.   **Loss of Consortium.**  As a result of the injuries suffered by Mr. Speegle, Mrs. Speegle has suffered loss of consortium in the past and will suffer loss of consortium in the future.

6.03.   **Loss of Household Services.**  As a result of the injuries suffered by Mr. Speegle, Mrs. Speegle has suffered loss of household services in the past and will suffer loss of household services in the future.

6.04.   The foregoing acts and omissions of the Defendants were the proximate cause of the plaintiff's injuries and the resulting damages.

## VII.
## JURY DEMAND

7.01.   Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final hearing, plaintiff recover of and from the Defendants, jointly and severally, actual and exemplary damages, together with costs of court, prejudgment and interest thereon at the legal rate as allowed by law, costs of court, and any and all other relief, either general or specific that Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**KENT, GOOD, & ANDERSON, P.C.**
909 ESE Loop 323, Suite 777
Tyler, Texas 75701
(903) 579-7500
(903) 581-3701 (Fax)

By: _____
          KEN W. GOOD
          State Bar No. 08139200

**ATTORNEY FOR PLAINTIFFS**